# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH TURKOS, :
:
    Petitioner, :
:
v. : No.: 4:17-CV-1897
:
SUPERINTENDENT BRITTAIN, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### DECEMBER 5, 2017

**I.    BACKGROUND**

Joseph Turkos, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Frackville Superintendent Brittain. The required filing fee has been paid.

The Petition challenges the legality of Turkos' guilty plea to a charge of corruption of a minor in the Court of Common Pleas of Luzerne County, Pennsylvania. Service of the petition has not been ordered.

This Court issued an Order on October 30, 2017 which advised Petitioner, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he could have the petition ruled on as

filed; that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the United States Court of Appeals for the Third Circuit; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").[1]  *See* Doc. 4.  The Order additionally warned Turkos that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Accompanying the Order was a Notice of Election form and Petitioner was directed to notify this Court within forty-five (45) days as to how he wished to proceed in this matter.

On November 16, 2017, Turkos submitted an executed Notice of Election form wherein he notified this Court that he wished to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year time limit for filing such a petition.  He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition.  *See* Doc. 5, p. 1.

---

[1] *Miller* and *Mason* sought to prevent *pro se* litigants from unintentionally defaulting federal claims through failure to assert them in a single petition.

Based upon an application of the standards announced in *Miller* and *Mason* to Turkos' announced intention that he does not wish to proceed with his present petition, this Court is precluded from ruling upon his action as filed. Consequently, since Turkos has expressed that he does not wish to proceed with his petition, it will be dismissed without prejudice.

An appropriate Order follows.[2]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[2] Petitioner is again forewarned that his new petition would have to be submitted within the one year period of limitation authorized under Title 28 U.S.C. § 2244(d)(1).